IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| INTERNATIONAL BROMINATED SOLVENTS ASSOCIATION; NATIONAL MINING ASSOCIATION; AEROSAFE PRODUCTS, INC.; and ANCHOR GLASS CONTAINER CORP., : : : : : : : : Plaintiffs, : : vs. : : AMERICAN CONFERENCE OF : GOVERNMENTAL INDUSTRIAL : HYGIENISTS, INC.; ELAINE CHAO, : Secretary, UNITED STATES : DEPARTMENT OF LABOR; and : MICHAEL O. LEAVITT, Secretary, : UNITED STATES DEPARTMENT OF : HEALTH AND HUMAN SERVICES, : : Defendants. : | 5:04CV394 (DF) |

**O R D E R**

Currently pending before the Court is a Motion for Reconsideration (tab 79) filed on April 6, 2005, by the federal defendants named in this suit—the United States Department of Labor ("DOL") and the United States Department of Health and Human Services ("HHS"). This motion asks the Court to reconsider a ruling made in its Order of March 11, 2005, which granted in part and denied in part the motions to dismiss filed by Defendant American Conference of Governmental Hygienists ("ACGIH") and the federal defendants.[1]

---

[1] The motion for reconsideration also requests that the Court clarify its March 11 Order to reflect that all claims against the HHS are dismissed. That Order referred collectively to the "federal defendants" throughout, yet, after finding that the final agency action for APA purposes was the DOL's explicit reliance on ACGIH's TLVs, the Court did not address the effect of this finding on the allegations against HHS. Having reassessed Plaintiffs' complaint in light of this finding, the Court now concludes that Plaintiffs have failed to state a claim against HHS. Accordingly, all claims against HHS are hereby dismissed.

Having fully considered the matter, the Court stands by its earlier ruling.  Accordingly, the federal defendants' motion for reconsideration is **DENIED.**

I. **BACKGROUND**

Plaintiffs' First Amended Complaint contains five counts against Defendants. Count I asserts a claim against all defendants for violations of the Federal Advisory Committee Act ("FACA"), 5 U.S.C.A. App. 2 § 1 *et seq.* (West 1996); Count II asserts a FACA-based claim against all defendants under the Administrative Procedure Act ("APA"), 5 U.S.C.A. §§ 702, 704 (West 1996); Count III asserts a claim against ACGIH for violations of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 (Lexis 2000); Count IV asserts a claim against ACGIH for tortious interference with contractual and business relations; and Count V asserts claims against DOL for violations of the APA, the Federal Register Act, 44 U.S.C.A. § 1501 *et seq.* (West 1991), the Paperwork Reduction Act, 44 U.S.C.A. § 101 *et seq.* (West 1991), and the Due Process Clause of the Fifth Amendment to the United States Constitution.

On March 11, 2005, the Court entered an Order dismissing Counts I, IV, and V in their entirety and dismissing Count II against ACGIH, thus leaving only two of Plaintiffs' claims for discovery: the APA claim against the federal defendants contained in Count II and the UDTPA claim against ACGIH contained in Count III.  DOL now argues in its motion for reconsideration that the Court's dismissal of Count V is "squarely inconsistent" with the Court's ruling on the APA claim in Count II.  It insists that these claims are indistinguishable and should have been treated as such, *i.e.*, that Count II should have been dismissed.  The Court disagrees.  This argument, while clever, is nevertheless unpersuasive.

## II. LEGAL DISCUSSION

"[A] motion for reconsideration serves that limited purpose of correcting manifest errors of law or fact, or in certain circumstances, calling newly discovered evidence to the Court's attention. . . . [T]he Court is willing to correct a legal or factual error where made despite a clear presentation of the issue by the party seeking reconsideration.  Finally, the Court will consider a legal theory not previously presented upon a showing that the theory was unavailable to the movant at the time of the original filing." **Paper Recycling, Inc. v. Amoco Oil Co.**, 856 F. Supp. 671, 678 (N.D. Ga. 1993).  DOL has failed to identify a manifest error of law or fact in need of correction.  Neither does it seem to advance a legal theory or argument that was unavailable at the time the federal defendants originally filed their motion to dismiss.

Count V was dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Order, March 11, 2005, tab 70, at 37.  The Court concluded that, under the judicial-review provision of the Occupational Safety and Health Act, 29 U.S.C.A. § 655(f), each of the allegations in that Count were both time-barred and brought in the wrong court. Section 655(f) provides that a pre-enforcement challenge to the validity of a safety or health standard promulgated under § 655 may be brought only by petition in "the United States court of appeals for the circuit wherein [the aggrieved] person resides" and must be filed within 60 days after such standard's promulgation.

Each of the allegations contained in Count V challenged, under one legal theory or another, the incorporation-by-reference provision of the Hazard Communication Rule ("the Rule"), 29 C.F.R. § 1910.1200.  Plaintiffs' chief problem with that provision of the Rule is

3

procedural in nature, *i.e.*, that because the Rule is written in such a way as to allow the prospective incorporation of ACGIH's TLVs into the regulatory framework, it is deficient under various federal statutes, and one constitutional amendment, designed to ensure the fairness of the administrative rule-making process. The Court construed Plaintiffs' attack on that particular provision as a challenge to the validity of the Rule itself and, for that reason, considered the allegations in Count V to be precisely the types of claims barred by § 655(f).

In Count II Plaintiffs allege a substantially different claim, utilizing the judicial-review provisions of the APA. That Count alleges that ACGIH—acting as a federal advisory committee—carries out its activities in violation of the various requirements imposed on such committees by FACA. Because ACGIH allegedly does not comply with FACA, Plaintiffs maintain that DOL impermissibly and illegally relies on ACGIH's TLVs to suggest appropriate safety-exposure levels for hazardous substances in the workplace. Such reliance, according to Plaintiffs, constitutes agency action that is contrary to law under the APA. As every party recognizes, an essential element to any APA claim is the identification of a properly reviewable, "final" agency action. In its March 11, 2005 Order, the Court determined that DOL's reliance on the TLVs was sufficient to establish a final agency action for APA purposes. In making this determination, the Court mentioned that such reliance was expressed in the Hazard Communication Rule.

DOL infers from this finding that the APA claim in Count II, like the allegations in Count V, is merely a disguised challenge to the Hazard Communication Rule and should have been dismissed as time-barred and jurisdictionally improper under § 655(f). The

failure to dismiss Count II, under this reasoning, renders the Court's rulings "squarely inconsistent" with one another. In the Court's estimation, this argument misunderstands important differences between the claims.

Unlike Count V, which attacked a procedural mechanism in the Rule allowing for the prospective incorporation of TLVs, the FACA-based claim in Count II does not present a *per se* challenge to the validity of the Rule. Plaintiffs' allegation that DOL improperly utilizes ACGIH's scientific research is not based on the substance or structure of the Rule. In other words, the Rule itself is not the problem. The Rule simply permits DOL to use ACGIH's TLVs as evidence of hazardous exposure levels for certain workplace substances. Plaintiffs do not suggest that DOL may never, under any circumstances, rely on information disseminated by ACGIH. Rather, they claim that DOL is legally forbidden from doing so as long as ACGIH continues to operate in violation of FACA. Should ACGIH come into compliance with FACA, Plaintiffs would of necessity be forced to abandon the claim alleged in Count II.

In short, the Court does not view the allegation in Count II as indistinguishable from the previously dismissed allegations contained in Count V. The latter allegations were challenges to the prospective-incorporation provision of a health and safety standard promulgated under 29 U.S.C.A. § 655 and, as such, were properly subject to dismissal for lack of jurisdiction under the judicial-review provision of § 655(f). The former allegation challenges the legality of the government's reliance on standards adopted by an organization which allegedly acts in violation of FACA, and is not an attack on the legality of the Rule itself. Section 655(f) operates as a limit only on petitions "challenging the validity of such [§ 655] standard." Because the APA claim in Count II does not challenge

5

the validity of any § 655 standard, the Court adheres to its earlier decision regarding this matter.

### III.     CONCLUSION

For the foregoing reasons, the federal defendants' motion for reconsideration is hereby **DENIED.**

SO ORDERED, this 4th day of May, 2005.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/sew