IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Filed at 4:20 PM
DATE 8/30/05
JM McCana
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| INTERNATIONAL BROMINATED SOLVENTS ASS'N, AEROSAFE PRODUCTS, INC., NATIONAL MINING ASS'N and ANCHOR GLASS CONTAINER CORPORATION, INC.,<br><br>   Plaintiffs,<br><br>v.<br><br>AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC., ELAINE CHAO, and U.S. DEPARTMENT OF LABOR.<br><br>   Defendants. | CIVIL ACTION NO.<br>5:04-CV-394 (DF) |

## PRIVACY ACT PROTECTIVE ORDER

Upon consideration of the Joint Motion for a Privacy Act Protective Order, and pursuant to 5 U.S.C. § 552a(b)(11), IT IS HEREBY ORDERED that the federal defendants are authorized to release to the plaintiffs, their counsel, ACGIH, its counsel and to the Court in this case, government records containing Privacy Act protected information, without obtaining prior written consent of the individuals to whom the records pertain. Such disclosure is subject to the following conditions:

1.  For purposes of this Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4). This Order applies to government documents or information contained in records that are subject to the Privacy Act only and does not create greater or lesser rights or obligations than those contained in the Privacy Act. Government document summaries, statistical compilations, or other summary records that do not contain information by which to identify specific individuals (whether by name, social security number, symbol or other

form of personal identification), and which are not subject to the Privacy Act, are not covered by this Order.

2. Government records that identify specific individuals shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For any government records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Answers to interrogatories, if any, that contain protected information derived from records subject to the Privacy Act also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. Except as provided herein, no person having access to the records designated as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of the Court. This Order shall not apply to any government record that identifies specific individuals where all individually-identifying information in such record has been redacted by or with the approval of counsel for federal defendants.

3. Any government documents or information produced by the federal defendants that are designated as subject to this Order shall be used by the plaintiffs, ACGIH or their representative(s) only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the plaintiffs or their representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

4. Except as otherwise ordered by this Court, any government documents or information

subject to the Protective Order may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in these consolidated cases; (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these consolidated cases; (d) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these consolidated cases; and (e) any deponent in these cases during his or her deposition.

5. All individuals to whom documents or information subject to this order are disclosed shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment form. Plaintiffs' counsel and ACGIH's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should plaintiffs, ACGIH or their counsel wish to disclose records or information subject to this Order to any persons other than those indicated in this paragraph and paragraph 4, above, plaintiffs' or ACGIH's counsel must obtain the federal defendants' consent. If the federal defendants do not consent to disclosure, then plaintiffs, ACGIH or their counsel may, on motion, seek modification of this Order from the Court.

6. The plaintiffs, ACGIH or other third party to this Order may challenge federal defendants' Privacy Act designation of a document or information by moving the Court to have the

document or information made public.  In addition, each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order

7. Unless the Court has previously ruled that a document or information is not subject to the Privacy Act, government documents or information subject to this Protective Order may be presented to the Court only under seal.  Should the plaintiffs or ACGIH seek to use Privacy Act protected documents or information in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), they must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

8. The protected documents and discovery responses, and all copies thereof, produced in connection with these consolidated cases must be returned by the plaintiffs or ACGIH or other receiving party to the federal defendants upon the conclusion of this case, including any subsequent appeals.  Within thirty days of the conclusion of this case and any subsequent appeals, plaintiffs, ACGIH or their counsel or other person receiving protected documents and discovery responses must certify in writing that all protected documents and discovery responses, and all copies thereof, have been returned to the federal defendants.  Within forty-five days of the termination of this case, including any subsequent appeals, plaintiffs or ACGIH or their counsel or other person receiving protected documents and discovery responses must also certify in writing that any documents they or their attorneys or agents have created which contain Privacy Act protected information derived solely from the protected documents and discovery responses have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with

this Court or with a court of appeals of competent jurisdiction in connection with this case.

9. Neither the United States Department of Justice, the Department of Labor, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by plaintiffs' counsel or ACGIH's counsel under this Order, or of any information contained in such documents.

10. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

11. This Order does not apply to any information or documents other than information or documents that are subject to the Privacy Act, and the terms and conditions set forth herein shall not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

IT IS SO ORDERED this **30** day of **Aug.**, 2005

_____
UNITED STATES DISTRICT JUDGE