# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **INTERNATIONAL BROMINATED SOLVENTS ASSOCIATION; AEROSAFE PRODUCTS, INC.; NATIONAL MINING ASSOCIATION; and ANCHOR GLASS CONTAINER CORPORATION, INC.,** | : : : : : : | |
| **Plaintiffs,** | : : | |
| v. | : : | 5:04-cv-394 (HL) |
| **AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.; ELAINE CHAO, Secretary, U.S. DEPARTMENT OF LABOR; TOMMY THOMPSON, Secretary, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,** | : : : : : : : : : | |
| **Defendants.** | : | |

## **O R D E R**

Before this Court is Plaintiffs' Motion to Compel (doc. 176). Plaintiffs' motion seeks to compel the production of certain documents by Defendant Department of Labor ("DOL") and the re-scheduling of a deposition by Defendant American Conference of Governmental Industrial Hygienists, Inc. ("ACGIH"). Due to the timing of the filing of the pending motion, the relief sought was addressed at a status conference held the day after it was submitted. The Court's findings, based on the representations made at the status conference, are presented below.

**A. Documents**

During the status conference held on February 15, 2007, an issue arose concerning documents related to work conducted by Dr. Leslie Stayner regarding a silica risk assessment. Counsel for the DOL represented that the Department would produce the requested documents for

in camera review.  These documents were produced by Defendant DOL on February 27, 2007, and made the subject of a corresponding Motion for a Protective Order (doc. 182).  Thus, Plaintiffs' Motion to Compel shall be taken under advisement.  The issue of discoverability of the documents remains pending the outcome of the aforementioned Motion for a Protective Order.

**B. Deposition**

During the status conference, it was brought to the Court's attention that the deposition of Dr. Paul Demers was originally scheduled to be taken on September 15, 2006.  Defense counsel traveled to Vancouver, where the deponent, Dr. Demers, resides, to defend the deposition, but Plaintiffs' counsel was unable to appear.  As there had been an inability to reschedule the deposition before the status conference, Plaintiffs contended that Defendant ACGIH was in violation of the July court order (doc. 157) directing Defendant to produce Dr. Demers.  The Court disagreed with Plaintiffs.  Actually, the inability to reschedule was caused by Plaintiffs' refusal to comply with a request that they bear Defendant's costs associated with traveling back to Vancouver to depose Dr. Demers.  The Court sided with Defendant, and determined that Plaintiffs should bear the costs of having to depose Dr. Demers because of their role in the earlier failed deposition.

To avoid further complications, it was suggested by the Court that the most expeditious way to handle the deposition of Dr. Paul Demers was to have him fly to Washington, D.C., considering counsel for all parties are based in Washington.  In the days following the status conference, it has come to the Court's attention that its suggestion may no longer feasible, as the deponent appears to be unable to travel to Washington before the expiration of the discovery deadline.  While the Court still feels that the most efficient and cost-effective method for conducting the deposition is to have the deponent travel to Washington, it stands by its determination that Defendants complied with this Court's order when they attempted to produce Dr. Demers for deposition in September of 2006.

As it stands, if Plaintiffs still want to depose Dr. Demers, they must do so on or before March 30, 2007, the deadline for the expiration of discovery. If Dr. Demers is able to travel to Washington, Plaintiffs are ordered to bear the costs of his travel. However, if Dr. Demers is unavailable to travel to Washington, Defendant is ordered to reschedule the deposition at a mutually agreeable time and location in Vancouver. If the deposition is ultimately scheduled to be conducted in Vancouver, Plaintiffs are ordered to bear the costs of defense counsel's expenses associated with traveling to Vancouver to defend the deposition.

SO ORDERED, this 16th day of March, 2007.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE

HL/cbb