# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BROMINATED SOLVENTS ASSOCIATION; AEROSAFE PRODUCTS, INC.; NATIONAL MINING ASSOCIATION; and ANCHOR GLASS CONTAINER CORPORATION, INC., | : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | 5:04-cv-394 (HL) |
| AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.; ELAINE CHAO, Secretary, U.S. DEPARTMENT OF LABOR; TOMMY THOMPSON, Secretary, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, | : : : : : : : : : | |
| Defendants. | : | |

**O R D E R**

PROTECTIVE ORDER

The Court hereby grants the Department of Labor's ("DOL") Motion for a Protective Order restricting the use of certain of the documents produced from the files of Defendant American Conference of Governmental Industrial Hygienists' ("ACGIH") expert, Dr. Leslie Stayner.

1. The documents produced from the files of Dr. Stayner, relating to his work on OSHA's draft risk assessment on crystalline silica, as redacted by the Court, and labeled DOLSTAYNER 01-021, shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only

for purposes of this litigation.

2. Any pleadings or discovery responses or exhibits that contain protected information derived from documents labeled DOLSTAYNER 01-021 also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. Except as provided herein, no person having access to the records designated as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of the Court.

3. Documents labeled DOLSTAYNER 01-021 shall be used by the plaintiffs or ACGIH or their representative(s) only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the plaintiffs or ACGIH or their representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

4. Except as otherwise ordered by this Court, all documents labeled DOLSTAYNER 01-021 may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in these consolidated cases; (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these consolidated cases; (d) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these consolidated cases; and (e) any

deponent in these cases during his or her deposition.

5. All individuals to whom documents or information subject to this Order are disclosed shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment form. Plaintiffs' and ACGIH's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded.

6. Should Plaintiffs or ACGIH or their counsel wish to disclose records or information subject to this Order to any persons other than those indicated in paragraph 4, above, Plaintiffs' or ACGIH's counsel must obtain the consent of DOL. If DOL does not consent to disclosure, then Plaintiffs or ACGIH or their counsel may, on motion, seek modification of this Order from the Court. Should the plaintiffs or ACGIH seek to use the documents labeled DOLSTAYNER 01-021 in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), they must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

7. The protected documents and discovery responses, and all copies thereof, produced in connection with these consolidated cases must be returned by Plaintiffs or ACGIH or other receiving party to DOL upon the conclusion of this case, including any subsequent appeals. Within thirty days of the conclusion of this case and any subsequent appeals, Plaintiffs or ACGIH or their counsel or other person receiving protected documents and discovery responses must certify in writing that all protected documents and discovery responses, and all

copies thereof, have been returned to DOL. Within forty-five days of the termination of this case, including any subsequent appeals, Plaintiffs or ACGIH or their counsel receiving protected documents and discovery responses must also certify in writing that any documents they or their attorneys or agents have created which contain information derived solely from the protected documents and discovery responses have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this case.

8. Neither the United States Department of Justice, the United States Department of Labor, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Plaintiffs' or ACGIH's counsel under this Order, or of any information contained in such documents.

9. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record.

10. This Order does not apply to any information or documents other than documents labeled DOLSTAYNER 01-021.

SO ORDERED, this 29th day of June, 2007.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

cbb